**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-01-00256-001-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Emily F. Canfield, et al., | |
| Defendants. | |

Pending before the Court is Emily F. Canfield's ("Defendant") request for a garnishment hearing, filed on October 28, 2014. (Doc. 108.) On October 29, 2014, the United States ("Plaintiff") filed a Response in Opposition to Defendant's request. (Doc. 110.) Defendant has not filed a reply, and the time to do so has passed. The Honorable Neil V. Wake, United States District Judge, referred Defendant's request for a hearing to this Court. For the reasons below, the Court will deny Defendant's request.

**I.   Background**

On December 20, 2001, Defendant pleaded guilty to violating 18 U.S.C. § 1001, False Statements, Omissions and False Writings Made to an Agency of the United States Government. (Doc. 54.) The Court sentenced Defendant on April 12, 2002 (Doc. 76) and entered judgment on April 23, 2002 (Doc. 82). The Court imposed a sentence of 36 months' probation and ordered restitution, the amount of which the Court set in a separate Order. (*Id.*) On April 25, 2002, the Court ordered Defendant to pay a total of $4,804,173.29 in restitution in "regular monthly installments approved by the probation

1  officer, the full amount to be paid 90 days prior to expiration of supervision." (Docs. 82
2  and 83.)
3        On October 15, 2014, Plaintiff filed an Application for Writ of Garnishment
4  pursuant to 28 U.S.C. § 3205(c).[1] (Doc. 104.) In the Application, Plaintiff seeks to
5  garnish non-exempt earnings that are paid to Defendant by Sahuaro Pipeline Corporation,
6  Inc. ("Garnishee") and apply those funds to Defendant's restitution obligation. (*Id.*) On
7  October 16, 2014, the Clerk of the Court issued a Writ of Continuing Garnishment to the
8  Garnishee (Doc. 105) and a Notice of Post Judgment Garnishment to Defendant (Doc.
9  105-1). The Notice explained to Defendant that "up to 25% of your non-exempt earnings
10 are being garnished in payment of your indebtedness to the United States of America,
11 which has a Judgment, in CR-01-00256-001-PHX-EHC, District of Arizona, in the sum
12 of $4,804,173.29." (Doc. 105-1.) The Notice also advised Defendant that:

> there are exemptions under the law which protects approximately 75% of your earnings. Your earnings are exempt except for the lesser of 25% per week of your wages or the amount in excess of 30 times the minimum wage. If you have any orders of alimony or child support against you, or if you have other prior garnishments against you, they take priority over this garnishment. If you think you are not being given the benefit of the above exemption, or other court orders or garnishments are not being given proper priority, you may ask the court for a hearing . . . . At the hearing you may explain to the judge why you think you do not owe the money to the Government.

20 (*Id.*) On October 22, 2014, Plaintiff filed a Notice of Service of Documents on Judgment
21 Debtor, certifying that a copy of the Writ, along with the Clerk's Notice of Post Judgment
22 Garnishment and instructions, were sent to Defendant by certified mail and first-class
23 mail on October 22, 2014, at her last known address. (Doc. 107.)
24        In response to the Notice from the Clerk of the Court, Defendant filed a letter to
25 the Court requesting a hearing. (Doc. 108.) Defendant's letter provides the following
26 reasons for her request:
27        On December 1, 2014 my employer will be renewing the

---

[1] As of October 9, 2014, the balance due on the judgment was $4,770,404.47. (Doc. 104.)

>group health, dental and insurance policies and has been told there is going to be a minimum increase of 18% in the policy premiums, which will most likely be passed on to the employee. If and when this happens my disposable income on which the 25% rule is calculated will be reduced from its current amount and I need to know how my employer is to notify the court of this matter, so that the payments can be adjusted. Additionally, I am on a High Deductible Insurance Plan (basically major health coverage) and must come out of pocket for most procedures until my annual deductible of $4,000.00 is met. At this time I have medical . . . and dental work that I'm responsible for 100% of the cost and I'm afraid that the garnishment amount going to be taken from my pay check is not going to allow me cover these costs.

On October 29, 2014, Plaintiff filed a Response in Opposition to Defendant's request for a hearing. (Doc. 110.) Plaintiff asserts that the issues a judgment debtor may raise at a hearing challenging a garnishment are limited to those identified in 28 U.S.C. § 3202(d). Plaintiff argues that Defendant has not raised any of those issues in her letter and, therefore, the Court should deny Defendant's request for a hearing. (*Id.*) On November 3, 2014, Garnishee filed an Answer to the Writ of Garnishment, stating that: (1) it employed Defendant on the date the Writ was served; (2) it anticipates owing earnings to Defendant after the date the Writ was served; (3) it pays Defendant biweekly; and (4) Defendant's last two pay dates were October 17, 2014 and October 31, 2014. (Doc. 111.)

**II.   DISCUSSION**

The United States may enforce restitution orders in the same manner as it enforces fines, or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). Furthermore, the United States may enforce a judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) and (f). The Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001-3308, sets forth the exclusive practices and procedures for the collection of a civil judgment under federal law. One such procedure is a writ of garnishment against a judgment-debtor's property,

including nonexempt disposable earnings under 28 U.S.C. § 3205.[2]

The FDCPA allows a judgment debtor to request a hearing upon receipt of the Clerk's Notice of Post Judgment Garnishment. *See* 28 U.S.C. § 3202(d). The statute provides that upon such a request, the court shall hold a hearing "as soon as practicable." *Id.* The statute further provides that the issues at such hearing "shall be limited":

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to–
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d)(1)-(3)(B). "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citations omitted).

Additionally, the FDCPA contains a provision that allows a judgment debtor to file written objections to the garnishee's answer and request a hearing, within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5). A judgment debtor objecting to the garnishee's answer and requesting a hearing under this provision must "state the grounds for the objection and bear[s] the burden of proving such grounds." *Id.* The limitations in

---

[2] "Nonexempt disposable earnings" means "25 percent of disposable earnings," or "the amount by which [the judgment debtor's] disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . in effect at the time the earnings are payable," whichever is less. 28 U.S.C. § 3002(9); 15 U.S.C. § 1673. "Disposable earnings" means "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5).

1  § 3202(d) do not apply to a hearing requested pursuant to § 3205.

2  Here, Defendant filed her request for a hearing in response to the Clerk of the
3  Court's Notice of Post Judgment Garnishment. (Doc. 108.) The Notice of Post Judgment
4  Garnishment is modeled on the notice provision set forth in § 3202(b) and explains in
5  laymen's terms the issues that a judgment debtor can raise at a hearing, as authorized in §
6  3202(d). Further, Defendant filed her letter before Garnishee filed its Answer and she
7  does not claim in her letter to object to Garnishee's Answer. Therefore, her request for a
8  hearing is governed by § 3202(d).

9  In her letter, Defendant does not raise any of the issues identified in 28 U.S.C. §
10  3202(d). There is no dispute that the Restitution Order in this matter was not the result of
11  default. Defendant also does not assert an exemption to the non-exempt portion of her
12  earnings or that Plaintiff failed to comply with required statutory procedures. Further,
13  she does not dispute that she owes the debt to the government. Rather, Defendant seeks a
14  hearing to address (1) how her employer will notify the Court in the future if her
15  disposable income decreases, and (2) her anticipated financial hardship caused by the
16  garnishment. (Doc. 108.) Neither of these two issues is the appropriate subject of a
17  garnishment hearing under § 3202(d). *See United States v. Wilson*, 1:03CR407-3, 2014
18  U.S. Dist. LEXIS 9429, at *4 (M.D.N.C. Jan. 27, 2014) (defendant's claims that his
19  income decreased and he had health problems were insufficient to warrant a garnishment
20  hearing under 28 U.S.C. § 3202(d)); *United States v. Lawrence*, 538 F. Supp. 2d 1188,
21  1194 (D.S.D. 2008) (defendant is not entitled to a garnishment hearing to consider his
22  "financial situation."). Therefore, the Court will deny Defendant's request for a hearing.

23  Pursuant to 28 U.S.C. § 3205, if Defendant has objections to Garnishee's Answer
24  (Doc. 111), Defendant may file written objections and request a hearing within 20 days of
25  her receipt of Garnishee's Answer.

26  Accordingly,

27  **IT IS ORDERED** that Defendant's Request for a hearing (Doc. 108) is denied.

28

Dated this 13th day of November, 2014.

_____
Honorable John Z. Boyle
United States Magistrate Judge